[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 3, 2000, this court heard oral argument on the defendant D'Amore's motion for summary judgment as to all counts of the complaint against him and granted the motion, without objection by the plaintiff, as to all counts except the third count on the ground that they were time-barred. Concluding, however, that a six-year statute of limitations applied to the third count alleging a breach of the implied warranty of habitability, Martinez v. Maturana, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 473382 (August 12, 1998, Lager, J.), the court gave the plaintiff additional time[1] to address the defendant's claim that he lacked actual or constructive notice of the presence of lead paint in the apartment at the commencement of the minor plaintiffs tenancy.
To survive this motion for summary judgment, the plaintiff had the burden of providing an evidentiary foundation to demonstrate the existence of a genuine issue of fact regarding D'Amore's actual or constructive knowledge of lead-based paint hazards in the apartment at the inception of the tenancy. See Diaz v. Shelat, Superior Court judicial district of Hartford-New Britain at New Britain, Docket No. 467395 (March 16, 1998, Lager, J.). D'Amore presented an affidavit in which he averred that he had no knowledge that the apartment contained lead paint at the inception of the tenancy of the minor plaintiff. The plaintiff has failed to provide the court with any affidavits or other documentary evidence to create an evidentiary foundation from which the court could conclude that there is a CT Page 5485 factual dispute in this case regarding D'Amore's claim that he lacked notice. See, e.g., Bland v. Moriarity, Superior Court, judicial district of New Haven, Docket No. 379438 (November 8, 1999, Lager, J.).
Accordingly, the motion for summary judgment is granted as to the third count of the complaint against the defendant D'Amore.
___________________ LINDA K. LAGER, JUDGE